UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Juan Garcia Messino,

Petitioner

v.

Pamela Bondi, et al.,

Respondents

Case No. 2:26-cv-00583-CDS-DJA

**Service and
Appointment Order**

[ECF Nos. 1, 1-1, 1-2]

Petitioner Juan Garcia Messino, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel. ECF Nos. 1, 1-1, 1-2. I find that good cause exists to grant the IFP application. I also find that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1]

Following a preliminary review of the petition under the Rules Governing Section 2254 Cases,[2] I defer determining whether the petition states a *prima facie* case for relief because the only allegation is "*Zadvydas v. Davis*," ECF No. 1-1 at 5, which I liberally construe as a claim alleging prolonged detention. Without more, it is insufficient to determine if the petitioner has already been subject to the 90-day mandatory removal period under 8 U.S.C. § 1231(a)(1)(A). Despite my deferral, I nonetheless direct that it be served on the United States Attorney's Office for the District of Nevada, given that it will be representing at least one respondent in this matter if an amended petition is filed.

It is therefore ordered that the IFP application **[ECF No. 1] is granted**.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

[2] I exercise my discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

It is further ordered that petitioner's motion for appointment of counsel **[ECF No. 1-2] is granted**. The Federal Public Defender for the District of Nevada is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) by March 13, 2026. If the Federal Public Defender is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that if the Federal Public Defender files a notice of appearance in this matter, it will then have 30 days to file an amended petition (or to indicate that an amended petition is unnecessary).

It is further ordered that if the appointed counsel files a notice of appearance in this matter, it will then have 14 days to file a motion to proceed IFP or pay the $5 filing fee on behalf of the petitioner.

It is further ordered that the Clerk of Court add the United States Attorneys' Office for the District of Nevada (USAO) to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

It is further ordered that the USAO is not required to file a response to the petition [ECF No. 1-1] until further order of the court.

It is further ordered that the petition [ECF No. 1-1] is deferred.

It is further ordered that the respondents must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation.[3]

Dated: March 5, 2026

_____
Cristina D. Silva
United States District Judge

---

[3] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").